

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HONGHUI KUANG,

                          Plaintiff,

        -against-                                        22-CV-197 (AJN)

CITY OF BRIDGEPORT DEPARTMENT                            TRANSFER ORDER
OF HEALTH & SOCIAL SERVICES;
HOUSING AND COMMERCIAL CODE,

                          Defendant.

ALISON J. NATHAN, United States District Judge:

        Plaintiff Honghui Kuang paid the filing fees to bring this *pro se* action, in which she

seeks "reimbursement" from the "government," and asserts that venue is proper in this Court

under 28 U.S.C. § 1391. (ECF 1 ¶¶ 7-9.) For the following reasons, this action is transferred to

the United States District Court for the District of Connecticut.

        Under 28 U.S.C. § 1391(b), a federal civil action may be brought in

        (a) a judicial district in which any defendant resides, if all defendants are residents
        of the State in which the district is located; (2) a judicial district in which a
        substantial part of the events or omissions giving rise to the claim occurred, or a
        substantial part of property that is the subject of the action is situated; or (3) if
        there is no district in which an action may otherwise be brought as provided in
        this section, any judicial district in which any defendant is subject to the court's
        personal jurisdiction with respect to such action."

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled,

and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question.28 U.S.C.

§ 1391(c)(1), (2).

        Plaintiff filed this complaint against the City of Bridgeport Department of Health &

Social Services and the "Housing and Commercial Code." The following facts are gleaned from

the complaint: In 2015, Plaintiff, a New York resident and real estate broker, purchased a one-

bedroom condominium in Bridgeport, Connecticut, which she used as a home office and for

storage. "There is no HVAC for the heating," and the stove is inoperable. Plaintiff "shut down"

the utilities because she intended to sell the apartment. (*Id.* ¶¶ 1-7.) In April 2021, Plaintiff gave

permission to a friend, Mary Foley, who is also a real estate broker, to stay in the apartment for a

"couple" of days while Foley's apartment underwent renovation. But Foley refused to move out,

and on November 30, 2021, Plaintiff served Foley with an eviction notice. Foley damaged

furniture and the toilet, and has prevented Plaintiff from accessing the apartment.

(*Id.* ¶¶ 10-20.)

Plaintiff claims that the "BP Department" has been harassing and disturbing her, through

letters and telephone calls, to fix the HVAC system and the stove. Plaintiff claims that the City of

Bridgeport has "assisted" Foley, an "illegal occupant," and "pressured" Plaintiff to address

habitability issues in the apartment that she cannot afford because Foley has not paid rent.

Plaintiff further claims that Defendants "created a long process for property owners to remove"

nonpaying occupants. (*Id.* 22-25.)

Because Plaintiff does not allege that any defendant resides in this district, that the

subject property is located in this district, or that a substantial part of the events or omissions

giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)2).

Plaintiff's claims arose in Bridgeport, Connecticut, which is in the District of Connecticut. *See*

28 U.S.C. § 86. Accordingly, venue lies in the District of Connecticut, 28 U.S.C. § 1391(b)(2),

and this action is transferred to the United States District Court for the District of Connecticut,

28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket. The Clerk of Court is further directed to transfer this action to the United States

District Court for the District of Connecticut. This order closes this case.

SO ORDERED.

Dated:    January 18, 2022
          New York, New York

_____
ALISON J. NATHAN
United States District Judge

3